UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER BURR, et al., | Case No. 2:20-CV-1101 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Christopher Burr—individually and as adoptive parent and legal guardian of L.B., a minor—and Susan Hoy—guardian ad litem for L.B.—(collectively "plaintiffs'") objection to Magistrate Judge Youchah's order (ECF No. 55). (ECF No. 56). Defendants County of Clark and Heather Mummey (collectively "defendants") filed a response in opposition. (ECF No. 63).

Also before the court is defendants' countermotion for sanctions (ECF No. 64), to which plaintiffs responded (ECF No. 65) and defendants replied (ECF No. 66).

I.   **Background**

This case arises from injuries sustained by L.B. while in the custody and care of the defendants. On February 23, 2022, defendants filed a motion to compel L.B.'s psychological and neuropsychological examination. (ECF No. 35). On May 4, 2022, Magistrate Judge Youchah held a hearing and granted defendants' motion. (ECF No. 55). Judge Youchah ordered that L.B. appear for an examination, instructed defendants to ensure that the examination was conducted with respect to the impact it might have on L.B., and ordered that an audio recording of the examination be made available to plaintiffs' expert upon request. (*See* ECF Nos. 55; 61).

**James C. Mahan**
**U.S. District Judge**

Plaintiffs now object to Magistrate Judge Youchah's order and defendants move for sanctions against plaintiffs. (ECF Nos. 56; 64).

**II.     Legal Standard**

The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order, or remand the matter to the magistrate judge with instructions. LR IB 3-1(b). When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).

A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute [his or her] judgment" for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**III.    Discussion**

A.  Plaintiffs' objection is DENIED

Plaintiffs argue that Magistrate Judge Youchah clearly erred by failing to properly consider proportionality; specifically, by "failing to consider the health and well-being of L.B., and denying him the comfort and security of the presence of his parent or an independent observer during his examination." (ECF No. 56 at 6). Having conducted a *de novo* review of the underlying motions, hearing, and objection, the court cannot find that the magistrate judge's order is clearly erroneous or contrary to law.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiffs repeat verbatim arguments from their opposition to defendants' motion to compel. (*Compare* ECF No. 38 at 4 *with* ECF No. 56 at 6–7). They cite no contrary case law, missed legal standard, or facts that the magistrate judge *actually* failed to consider. Rather, they implore that by deciding against them, the magistrate judge "failed to consider the significant impact the [] examination will have on L.B." (ECF No. 56 at 8). This argument is disingenuous at best.

At the hearing on defendants' motion to compel, the magistrate judge specifically addressed the issue of the examination's potential impact on L.B. (*See* ECF No. 61 at 13) ("The Court: . . . 'I think there just has to be some more specific thought about how this child is going to be tested so that we are impacting him as little as possible.' "). She instructed defendants' counsel to work with its expert to limit the time that L.B. would be subject to continuous examination and granted plaintiffs' request for there to be an audio recording of the examination. (*Id.* at 12–13, 15). After those discussions, she heard extensive argument from plaintiffs' counsel on the very issue of proportionality that plaintiffs now argue she failed to consider. (*Id.* at 18–25). In her closing remarks, she specifically addressed plaintiffs' insinuation that she was failing to consider proportionality. (*Id.* at 29).

Accordingly, plaintiffs' objection is DENIED, and Magistrate Judge Youchah's order is AFFIRMED.

B.  Plaintiffs' counsel is ADMONISHED

As to defendants' countermotion for sanctions, the court admonishes plaintiffs' counsel for unreasonably multiplying these proceedings. Understanding counsel's passion and desire to protect children, the court declines to issue monetary sanctions related to this appeal. However, this is counsel's second warning in this matter regarding inappropriate filings. (*See* ECF No. 61 at 30–31). Defendants are encouraged to cite to this order if plaintiffs unreasonably delay the execution of Magistrate Judge Youchah's order compelling participation in the examination.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' objection to the magistrate judge's order (ECF No. 56) be, and the same hereby is, DENIED.  Magistrate Judge Youchah's order granting defendants' motion to compel (ECF No. 55) is AFFIRMED.

IT IS FURTHER ORDERED that defendants' countermotion for sanctions (ECF No. 64) be, and the same hereby is, GRANTED in part, consistent with this order.

DATED July 6, 2022.

_____
UNITED STATES DISTRICT JUDGE