UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER BURR, et al.,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:20-CV-1101 JCM (EJY)<br><br>ORDER |

Presently before the court is defendants County of Clark ("County") and Heather Mummey ("Mummey") (collectively "city defendants")'s motion for summary judgment. (ECF No. 73). Plaintiffs Christopher Burr and Susan Hoy ("plaintiffs"), on behalf of minor child L.B. ("L.B."), filed a response (ECF No. 82), to which city defendants replied (ECF No. 94). Defendant Jonel Kaye Repollo Querrer ("Querrer") partially joined city defendants' motion. (ECF No. 81).

Also before the court is plaintiffs' motion to strike Querrer's partial joinder. (ECF No. 91). Querrer filed a response (ECF No. 102), to which plaintiffs did not reply.

Also before the court is city defendants' motion for leave to file excess pages (ECF No. 97) and motion for leave to file an additional document (ECF No. 99). Plaintiffs did not file a response to either motion.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**I.     Background**

This action arises from allegations of physical abuse and negligent supervision regarding minor child L.B.

From August of 2017 to March of 2018, L.B. was in the foster home of Querrer while being in the custody, control, and supervision of city defendants. (ECF No. 1-2 at 9). Plaintiffs claim that on March 22, 2018, L.B. sustained non-accidental trauma, including but not limited to deliberately inflicted burn injuries, while in Querrer's home. (*Id.*). These injuries resulted in L.B. contracting gangrene and necrosis in his right hand, requiring amputation. (*Id.*). The state charged Querrer with committing the crime of "child abuse, neglect, or endangerment resulting in substantial bodily harm or mental harm" in violation of NRS 200.508.1. (*Id.* at 10).

Plaintiffs state that prior to this injury, city defendants received, and subsequently ignored, reports that L.B. had unexplained burns, bruises, and showed other signs of abuse, such as behavioral changes. (*Id.*). Mummey, L.B.'s case worker, had the duty to visit L.B. at least once every thirty days to ensure his safety. (*Id.*). Plaintiffs' second amended complaint notes that L.B. did not receive the required visits or body checks, and as a result Querrer was able to abuse and neglect him without detection. (*Id.*).

Plaintiffs now bring claims for negligence against both Querrer and County for negligence. (*Id.* at 15-17). Additionally, plaintiffs assert three causes of action against city defendants under 42 U.S.C. § 1983: (1) deprivation of L.B.'s right to liberty under the Fourteenth Amendment, (2) a *Monell* claim based on an alleged failure to develop appropriate guidelines for foster care social workers, and (3) failure to train foster care social workers regarding the investigation and licensing of foster parents and proper child supervision. (*Id.* at 10-15).

James C. Mahan
U.S. District Judge

- 2 -

City defendants move for summary judgment on plaintiffs' claim for negligence against County and the three 42 U.S.C. § 1983 claims against both County and Mummey. (ECF No. 73). As explained *infra*, while the facts are disputed as to County's alleged negligence, city defendants have adequately pleaded a qualified immunity defense against plaintiffs' 42 U.S.C. § 1983 claims.

Querrer moves for summary judgment on plaintiffs' claim for negligence against her, partially joining city defendants' motion. (ECF No. 81). As plaintiffs properly argue and the court will discuss, Querrer's joinder is procedurally defective and must be stricken.

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id*.

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480

James C. Mahan
U.S. District Judge

- 3 -

(9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

**James C. Mahan**
**U.S. District Judge**

- 4 -

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)) ("[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure 56.").

**III.   Discussion**

A. <u>Motion for leave to file excess pages and additional document</u>

As an initial matter, the court must first address city defendants' motion for leave to file excess pages (ECF No. 97) and an additional document (ECF No. 99).

   *i.   Excess pages*

City defendants request leave to file a reply in support of their motion for summary judgment (ECF No. 94) that exceeds the twenty-page limit dictated by Local Rule 7-3. (ECF No. 97 at 2); *see* LR 7-3(a) ("[r]eplies in support of a motion for summary judgment are limited to 20 pages.").

Local Rule 7-3 states that a reply in support of a motion for summary judgment shall not exceed twenty pages. LR 7-3(a). The court has the authority to relax or modify this rule only

James C. Mahan
U.S. District Judge

- 5 -

upon a showing of good cause. LR 7-3(c); *Veterinary Ventures, Inc. v. Farris*, No. 3:09-cv-00732-RCJ-VPC, 2010 WL 3070423, at *2 (D. Nev. Aug. 3, 2010) (citing *Gennock v. Warner-Lambert Co.*, 208 F. Supp. 2d 1156, 1158 (D. Nev. 2022)).

City defendants note that this is a fact-intensive matter involving sophisticated issues of constitutional magnitude. (ECF No. 97 at 2-3). Specifically, they explain that because County and Mummey each has unique and specific arguments and the facts span from November of 2015 to March of 2018, they seek leave to file a reply thirty pages in length. (*Id.* at 2).

The court agrees that the breadth of the issues and extensive factual nature of this matter warrant an exception to the general twenty-page limit. Good cause appearing, the court grants city defendants' motion for leave to file excess pages. (ECF No. 97).

        *ii. Additional document*

City defendants have also sought leave of the court to file an authenticating document to Exhibit OOO to their reply. (ECF No. 99 at 2).

Exhibit OOO is a record from the Division of Child and Family Services ("DCFS") that city defendants received one day before filing the motion seeking leave. (*Id.*). DCFS failed to provide an authenticating declaration with the record, requiring city defendants to file their reply without the authenticating document. (*Id.*).

City defendants posit that the record is relevant because it contradicts allegations against Mummey in plaintiffs' response. (*Id.*). After exchanging numerous electronic communications with an official from DCFS, city defendants finally obtained the authenticating document and immediately filed their motion seeking leave upon receipt. (*Id.* at 2-4).

**James C. Mahan**
**U.S. District Judge**

- 6 -

Given that the document concerns a party to this action and city defendants acted diligently in obtaining it, the court finds good cause to grant city defendants' motion for leave to file an additional document. (ECF No. 99).

B. <u>Motion to strike</u>

Plaintiffs move to strike Querrer's partial joinder to city defendants' motion for summary judgment. (ECF Nos. 81 and 91). The court will grant plaintiffs' motion to strike, as Querrer's joinder was untimely.

On November 17, 2022, the magistrate judge assigned to this case granted the parties' proposed stipulation to extend discovery deadlines. (ECF No. 72). Most pertinent to this matter, the deadline to file dispositive motions was January 23, 2023. (*Id.* at 3). Querrer did not file her partial joinder until February 24, 2023, thirty-one days after the deadline. (ECF No. 81).

Querrer's failure to file her partial joinder in accordance with the scheduling order renders her pleading noncompliant and violative of this court's rules. The court will not consider Querrer's partial joinder. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("[t]he court may strike documents that do not comply with these rules.").

The court grants plaintiffs' motion to strike Querrer's partial joinder. (ECF No. 91). Querrer's motion for summary judgment on plaintiffs' claim for negligence is thus denied as moot.

C. <u>Negligence claim against County</u>

City defendants move for summary judgment on plaintiffs' claim for negligence against County. "It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and

**James C. Mahan**
**U.S. District Judge**

- 7 -

(4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't,* LLC, 180 P.3d 1172, 1175 (Nev. 2008)).

"Negligence is not actionable unless, without the intervention of an intervening cause, it proximately causes the harm for which [the] complaint was made." *Thomas v. Bokelman*, 462 P.2d 1020, 1022 (Nev. 1970). An intervening cause means a superseding cause which is itself the natural and logical cause of the harm. *Id*. A defendant who could not foresee any danger from an intervening force is not negligent. *Id*.

Courts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause, and reasonableness usually are questions of fact for the jury. *Id.*; *see Berrum v. Powalisz*, 317 P.2d 1090, 1092 (Nev. 1957). The court sees no reason to deviate from this reluctance.

There are numerous issues of material fact regarding County's alleged negligence concerning L.B, most of which concern the foreseeability that he would suffer harm while under the care of Querrer. Defendants posit that it was unforeseeable Querrer would assault L.B. "or even generally harm him given the course of conduct over the almost seven months he lived in the home." (ECF No. 73 at 28). Defendants claim it was not possible to know that Querrer's negligent conduct was creating a situation in which she might commit a tort or crime, and thus her actions were superseding. (*Id.*).

In their response, plaintiffs counter the argument that Querrer's actions were not foreseeable. Plaintiffs submit an email from L.B.'s therapist to Mummey, who was L.B.'s case worker and an employee of County. (ECF No. 85-6 at 228). In the email, the therapist expressed concern and suspected that L.B. had been exposed to some traumatic experiences while under Querrer's care. (*Id.*). The email was sent to Mummey about a month before the burn

injury occurred. (*Id.*). Moreover, there are disputes regarding the number of body checks conducted by Mummey and the number of prior injuries L.B. sustained while in Querrer's home.

These are just some examples of the many facts over which plaintiffs and city defendants disagree. Each element of negligence is best left for the jury to decide, let alone the narrow issue of whether Querrer's actions were foreseeable. The jury should be the trier of fact on this issue, and the court therefore denies city defendants' motion for summary judgment on plaintiffs' claim for negligence against County.

D.  Qualified immunity

City defendants believe qualified immunity affords them protection in relation to plaintiffs' three 42 U.S.C. § 1983 claims. The court agrees.

Qualified immunity insulates public officials "from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is broad, protecting "all but the plainly incompetent or those who knowingly violate the law." *Lee v. Gregory*, 363 F.3d 931, 934 (9th Cir. 2004) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Determining whether a defendant is entitled to qualified immunity in a § 1983 action entails a two-part, conjunctive analysis exercised in the order the court deems appropriate. First, a court must consider whether the defendant's actions violated a constitutional right. *Conn v. City of Reno*, 572 F.3d 1047, 1062 (9th Cir. 2009). In making this inquiry, the court views facts in the light most favorable to the party asserting the injury. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

**James C. Mahan**
**U.S. District Judge**

Second, the court must determine whether the constitutional right was clearly established. *Conn*, 572 F.3d at 1062. A right is clearly established if "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id.* at 1062 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). In making this inquiry, the court should consider "the specific context of the case" and not "broad general proposition[s]." *Saucier*, 533 U.S. at 201. It is the plaintiff's burden to show that the constitutional right was clearly established. *Sorrels*, 290 F.3d at 969.

Over the past several years, the Supreme Court has expressed "frustration with [appellate court] failures to heed its [qualified immunity] holdings." *S.B. v. Cnty. of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017). The Supreme Court has consistently advised lower courts construing claims of qualified immunity not to define clearly established law at a high level of generality, since doing so avoids the crucial question of whether the official acted reasonably in the particular circumstances. *Plumhoff v. Rickard*, 575 U.S. 765, 778-79 (2014).

Here, plaintiffs aver that L.B. had a liberty interest in reasonable safety and adequate care. (ECF No. 1-2 at 11-16). While this is true, city defendants' actions do not rise to the level of violating due process. To violate due process, state officials must act *with such deliberate indifference* to that liberty interest that their actions "shock the conscience." *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 844 (9th Cir. 2010) (emphasis added).

A reasonable jury could not find that city defendants acted with deliberate indifference to a known or obvious risk of harm. The deliberate indifference standard is much higher than the foreseeability standard described, *supra*. This case contrasts sharply with those cases finding deliberate indifference on the part of public officials. *See Tamas*, 630 F.3d at 847 (finding deliberate indifference when the case worker was aware of three distinct "graphic allegations" of

child abuse); *Henry A. v. Willden*, 678 F.3d 991, 1001 (failing to authorize a foster child's medical treatment despite repeated requests from his physician amounted to deliberate indifference).

In this case, Mummey was required to report "non-accidental injuries" only, and she conducted a body investigation of L.B. and questioned him the same day Querrer reported that he accidentally spilled hot coffee on himself. (ECF No. 75-5 at 20). City defendants also conducted multiple unscheduled home visits to check on L.B. (ECF No. 73 at 18-19). Finally, city defendants responded to the lone child protective services report on an injury to L.B., the aforementioned coffee incident.

The evidence fails to demonstrate that city defendants acted with deliberate indifference with respect to any danger posed to L.B. Plaintiffs' response fails to identify the specific dangerous condition Mummey was required to report, and it cites neither persuasive nor binding authority with facts similar to this matter. City defendants are entitled to qualified immunity, and the court grants their motion for summary judgment as to plaintiffs' three 42 U.S.C. § 1983 claims against them.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants County of Clark and Heather Mummey's motion for summary judgment (ECF No. 73) be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that plaintiffs' motion to strike defendant Jonel Kaye Repollo Querrer's partial joinder (ECF No. 91) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 11 -

IT IS FURTHER ORDERED that defendants County of Clark and Heather Mummey's motion for leave to file excess pages (ECF No. 97) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants County of Clark and Heather Mummey's motion for leave to file an additional document (ECF No. 99) be, and the same hereby is, GRANTED.

DATED September 12, 2023.

_____
UNITED STATES DISTRICT JUDGE