1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                      * * *
7    CHRISTOPHER BURR, et al.,                    Case No. 2:20-CV-1101 JCM (EJY)
8                              Plaintiff(s),                   ORDER
9           v.
10   CLARK COUNTY DEPARTMENT OF
     FAMILY SERVICES, et al.,
11
12                           Defendant(s).

13
14          Presently before the court is defendants County of Clark ("Clark County") and Heather
15   Mummey's (collectively "defendants") motion for attorney's fees and costs.  (ECF No. 105).
16   Plaintiffs Christopher Burr and Susan Hoy (collectively "plaintiffs") filed a response (ECF No.
17   108), to which defendants replied.  (ECF No. 118).

18   **I.      Background**
19          This action arises from the alleged physical abuse and negligence of minor child L.B.
20   Plaintiffs' complaint charged defendants with three violations of 42 U.S.C. § 1983 and
21   negligence against only defendant Clark County.  (ECF No. 1).
22          Defendants moved for summary judgment on all claims, which the court granted in part
23   and denied in part.  (ECF No. 103).  Summary judgment was entered as to the three § 1983
24   claims.  (*Id*.).  The surviving claim is negligence against defendant Clark County.[1]  (*Id*.).
25   Defendants now move for their attorney's fees under Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988,
26
27   _____
28          [1]  Plaintiffs also filed a motion to remand the action to state court (ECF No. 106), which
     the court granted.  (ECF No. 121).

James C. Mahan
U.S. District Judge

1  and costs under NRS 18.020.  (ECF No. 105).  They request $218,966.50 in attorney's fees and

2  $2,587.85 in costs.  (*Id.*).

3  **II.    Legal Standard**

4          "In any action or proceeding to enforce a provision of […] 42 USCS §§ 1981-1983 […]

5  the court, in its discretion, may allow the prevailing party, other than the United States, a

6  reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988.  "A prevailing defendant in a

7  civil rights action is entitled to an attorney's fees award where plaintiff's action, even though not

8  brought in subjective bad faith, is 'frivolous, unreasonable, or without foundation.'"  *Maag v.*

9  *Wessler*, 993 F.2d 718, 719 (9th Cir. 1993) (citing *Parks v. Watson,* 716 F.2d 646, 664 (9th Cir.

10  1983).

11  **III.    Discussion**

12          Defendants argue that they are entitled to recover their attorney's fees because plaintiffs'

13  claims were unreasonable, frivolous, and without merit.  (ECF No. 105).  The court finds that

14  defendants have failed to meet their burden of proving that plaintiffs' suit was frivolous,

15  unreasonable, or without foundation.  *See Maag*, 993 F.2d at 719.

16          "[I]t is important that a district court resist the understandable temptation to engage in

17  post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action

18  must have been unreasonable or without foundation."  *Christiansburg Garment Co. v. Equal*

19  *Employment Opportunity Comm'n*, 434 U.S. 412, 421-422 (1978).  "Even when the law or the

20  facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable

21  ground for bringing suit."  *Id.* at 422.  "[T]he fact that a plaintiff may ultimately lose his [civil

22  rights] case is not in itself a sufficient justification for the assessment of fees."  *Hughes v.*

23  *Rowe,* 449 U.S. 5, 14 (1980) (per curiam).

24          The gravamen of this court's order granting defendants' motion for summary judgment

25  was that no reasonable jury could conclude that defendants acted with deliberate indifference to a

26

27

28

**James C. Mahan**
**U.S. District Judge**

1    known or obvious risk of harm.[2]  (ECF No. 103, at 10).  Moreover, the court found that "the

2    deliberate indifference standard is much higher than the foreseeability standard." (*Id*.).

3          The court finds that plaintiffs had reasonable grounds to bring the three § 1983 claims.

4    *See Christiansburg Garment Co.*, 434 U.S. at 422.  Their response to defendants' motion for

5    summary judgment set forth multiple arguments—although unsuccessful—to prove that

6    defendants acted with deliberate indifference, and to oppose defendants' qualified immunity

7    argument.  (ECF No. 82).

8          Plaintiffs presented the alleged inadequate policies by defendant Clark County, expert

9    testimony on the applicable standard of care, the alleged wrongful actions of multiple Clark

10   County employees, and other failures by Clark County in the enactment of certain policies and

11   procedures.   (*Id*.).   Thus, the court cannot conclude that plaintiffs' claims were frivolous,

12   unreasonable, or without foundation.  Defendants' request for attorney's fees is denied.

13         Defendants also move for nontaxable costs under NRS 18.020.  (ECF No. 105, at 17-18).

14   Defendants argue that they have incurred $2,587.85 in computerized legal research costs.  (*Id*. at

15   17).

16         NRS 18.020 provides that "[c]osts must be allowed of course to the prevailing party

17   against any adverse party against whom judgment is rendered … [i]n an action for the recovery

18   of money or damages, where the plaintiff seeks to recover more than $2,500." Nev. Rev. Stat. §

19   18.020(3).  Having reviewed the costs requested and supporting documentation, the court finds

20   that defendants' request for $2,587.85 in computerized legal research costs is reasonable,

21   necessary, and supported.  Therefore, the court grants defendants' request for costs in the amount

22   of $2,587.85.

23   **IV.**   **Conclusion**

24        Accordingly,

25         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for

26   attorney's fees (ECF No. 105) be, and the same hereby is, GRANTED in part and DENIED in

27

28        [2]  To violate due process, state officials must act with such deliberate indifference to a
liberty interest that their actions "shock the conscience."  *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 844 (9th Cir. 2010).

**James C. Mahan**
**U.S. District Judge**

1    part, consistent with the foregoing.  Defendants' request for attorney's fees is DENIED, and the

2    court awards defendants $2,587.85 in non-taxable costs.

3           The clerk of court is instructed to keep this case closed.

4

5           DATED November 4, 2024.

6

7                                                    _____
                                                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -